# EXHIBIT A

| STATE OF NORTH CAROLINA | FILED | File No. 18 CVS 644 |
|---|---|---|
| Brunswick County | 2018 APR -4 PM 3:23 | In The General Court Of Justice ☐ District ☒ Superior Court Division |

BRUNSWICK COUNTY C.S.C.
BY

| Name Of Plaintiff | |
|---|---|
| Carol Shooter Redmond, Robert Michael Shooter, Pamela Solari | |
| Address | **CIVIL SUMMONS** |
| c/o Andrew Penny 5002 Randall Parkway | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Wilmington NC 28403 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| CSX Corporation & CSX Transportation, Inc. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| CSX Corporation | CSX Transportation, Inc. |
| 2 South Salisbury Street | 160 Mine Lake Ct, Ste 200 |
| Raleigh NC 27601 | Raleigh NC 27615-6417 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Andrew Penny | 4-4-18 | 3:23 | ☐ AM ☒ PM |
| Crossley, McIntosh, Collier, Hanley & Edes, PLLC | Signature | | |
| 5002 Randall Parkway | | | |
| Wilmington NC 28403 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT (ASSESS FEE)** This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11    (Over)
© 2011 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

STATE OF NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF BRUNSWICK    2018 APR -4 PM 3:23    18 CVS 644

BRUNSWICK COUNTY, C.S.C.

CAROL SHOOTER REDMOND, ROBERT MICHAEL SHOOTER, PAMELA SOLARI and SHERON ANNE SHOOTER

Plaintiffs,

v.

CSX CORPORATION, CSX TRANSPORTATION, INC.,

Defendant.

**COMPLAINT**

NOW COMES Plaintiffs CAROL SHOOTER REDMOND, ROBERT MICHAEL SHOOTER, and SHERON ANNE SHOOTER, by and through undersigned council, complains of Defendant, and alleges:

## PARTIES & JURISDICTION

1.  Plaintiff Carol Redmond is a citizen and resident of New Hanover County, North Carolina.

2.  Plaintiff Robert Shooter is a citizen and resident of New Hanover County, North Carolina.

3.  Plaintiff Sheron Shooter is a citizen and resident of Robeson County, North Carolina

4.  Pamela Solari is a citizen and resident of New Hanover County, North Carolina.

5.  Upon information and belief, CSX Corporation is a corporation headquartered in Duval County, Florida.

6.  Upon information and belief, CSX Transportation, Inc. is a company headquartered in Duval County, Florida.

7.  Brunswick County Superior Court is the proper venue for this action.

## FACTS

8.  On or about April 6, 2015 a wildfire ignited in Brunswick County, North Carolina near the Compass Pointe subdivision, hereinafter, "Compass Pointe Fire".

9. Upon information and belief, the Compass Pointe Fire ignited at approximately 1:30 p.m. on April 6, 2015.

10. The Compass Pointe Fire was caused by the negligence of the Defendants.

11. Upon information and belief, the Compass Pointe Fire ignited along the boundary of the CSX railway near Compass Point in Brunswick County, North Carolina.

12. Following the Compass Pointe Fire, North Carolina Forest Service Fire Investigators conducted an investigation of the wildfire.

12. North Carolina Forest Service Fire Investigators determined that the fire originated adjacent to the railroad tracks and progressed northwest.

13. Upon information and belief, the Compass Pointe Fire started at more than one point along the right of way.

14. Upon information and belief, North Carolina Forest Service Fire Investigators collected suspect carbon particles along the CSX railway.

15. Upon information and belief, the suspect carbon particles were expelled from a CSX locomotive which passed through the area at the time the fire ignited.

16. Upon information and belief, the carbon particles which came from the exhaust stack of a CSX locomotive ignited the fire.

17. Upon information and belief, CSX locomotives were present on the railway where the fire originated at the time the fire ignited.

18. In their original synopsis, North Carolina Forest Service Fire Investigators determined that the CSX locomotives caused the Compass Pointe Fire.

19. Plaintiffs own approximately 174 acres of land northwest of the railroad track where the Compass Pointe Fire originated in Brunswick County, North Carolina.

20. As a direct and proximate result of the Compass Pointe Fire, all of the timber on Plaintiffs' land burned and was lost.

## FIRST CAUSE OF ACTION
*Negligence (Failure to Maintain Locomotives)*

21. CSX has a duty to make sure its locomotives are functioning properly and safely.

22. CSX has a duty to make sure its locomotives exhaust stacks are free from carbon build-up which may be expelled and cause a wildfire.

23. CSX failed to thoroughly inspect the locomotive or locomotives which caused the Compass Pointe Fire.

24. CSX failed to properly maintain the locomotive or locomotives which caused the Compass Pointe Fire.

25. CSX's failure to properly inspect the locomotive or locomotives which caused the Compass Pointe Fire was a direct and proximate cause of the Compass Pointe Fire.

26. CSX's failure to properly maintain the locomotive or locomotives which caused the Compass Pointe Fire was a direct and proximate cause of the Compass Pointe Fire.

27. As a result of the Compass Pointe Fire, Plaintiffs were damaged by the loss of timber on their property.

## SECOND CAUSE OF ACTION
*Negligence (Failure to Maintain Right of Way)*

28. CSX has a duty to ensure that their right of way is free from obstructions and fire hazards.

29. Upon information and belief, CSX failed to inspect the right of way to ensure that it was free from obstructions and fire hazards.

30. Upon information and belief, CSX failed to remove flammable materials from the right of way which eventually ignited causing the Compass Pointe Fire.

31. CSX's failure to ensure that their right of way was free from obstructions and fire hazards was a direct and proximate cause of the Compass Pointe Fire.

32. As a result of the Compass Pointe Fire, Plaintiffs were damaged by the loss of timber on their property.

## THIRD CAUSE OF ACTION
*Negligence and Negligent Hiring, Retention, Supervision, and Training*

33. Defendants are railroad companies subject to the Federal Railroad Administration.

34. Defendants are responsible for the hiring, training, and supervision of its locomotive operators and maintenance technicians.

35. Defendants are responsible for the inspection, condition, and maintenance of its locomotives.

36. Defendants owe a duty to properly hire, train, instruct, and supervise its locomotive operators and maintenance technicians.

37. Defendants owe a duty to properly inspect and maintain its locomotives.

38. Defendants owe a duty to comply with federal and North Carolina laws and regulations governing railroad operation.

39. Upon information and belief, Defendants breached its duties to Plaintiffs by:

   a. Failing to hire experienced and qualified operators and technicians;

   b. Failing to provide adequate training to its employees;

   c. Failing to properly supervise its employees;

   d. Failing to adequately instruct its employees;

   e. Failing to maintain its locomotives in a safe manner;

   f. Failing to routinely and properly inspect its locomotives; and

   g. In other respects to be proven through discovery and trial.

40. Defendants are liable for all of Defendants acts or omissions that were proximate causes of the damages Plaintiffs suffered.

## FOURTH CAUSE OF ACTION
*Res Ipsa Loquitur*

41. Wildfires caused by humans are events that do not normally occur unless an individual has acted negligently or willfully.

42. Upon information and belief, the evidence in this case rules out the possibility of an ignition source other than CSX locomotives.

43. CSX has a duty to ensure that its locomotives do not start wildfires.

44. Upon information and belief, a locomotive owned and operated by CSX caused the Compass Pointe Fire.

45. The Compass Pointe Fire, which was caused by CSX, was a proximate cause of the damages suffered by the Plaintiffs.

## DAMAGES

46. As a result of the Compass Pointe Fire caused by CSX, Plaintiffs sustained significant timber loss due to fire damage.

47. As a direct and proximate result of CSX's conduct, Plaintiffs suffered damages in an amount in excess of $ 10,000.00.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs seek relief from and judgment against Defendants as follows:

1. Compensatory damages with interest as determined by a jury and as allowed by law;
2. Reasonably attorneys' fees as allowed by law;
3. The cost of this action;
4. All damages jointly and severally apportioned;
5. Trial by jury on all issues so triable herein; and
6. All such further relief as the Court may deem just and proper.

This the 4 day of April, 2018.

CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

By: _____
Andrew Penny
NC State Bar No.: 47338
5002 Randall Parkway
Wilmington, NC 28403
Telephone: (910) 762-9711
Facsimile: (910) 256-0310